IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DARREN DEE GOLDSMITH, SR., <br><br> Plaintiff, <br><br> vs. <br><br> MIKE BATISTA, LARRY PASHA, SCOTT WEBER, DANNY RIDDLE, and LEROY KIRKEGARD,[1] <br><br> Defendants. | CV 17-00060-H-DLC-JTJ <br><br><br> FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Darren Goldsmith, a prisoner proceeding without counsel, filed a Complaint pursuant to 42 U.S.C. § 1983. The Court screened the Complaint pursuant to 42 U.S.C. § 1915 and §1915A and determined that it violated Rule 8 of the Federal Rules of Civil Procedure and failed to state a claim. (Doc. 5.)

Mr. Goldsmith filed an Amended Complaint (Doc. 7) but he failed to correct the deficiencies with his original Complaint. Therefore, this matter should be dismissed.

## I. ALLEGATIONS

In his Amended Complaint Mr. Goldsmith makes the following allegations:

---

[1] The case caption has been amended to reflect the addition of Defendant Scott Weber as named in the Amended Complaint. The Clerk of Court will be directed to add Defendant Weber to the Court's docket.

1

Mr. Goldsmith was assigned to work in the dishwashing area of the high-side kitchen at Montana State Prison in early to mid April 2015. He was told by his supervisors that he would need to contact his unit sergeant to get non-slip work-boots. He made multiple requests to Defendants Pasha and Weber to get these work-boots but his requests were denied. Specifically, on May 9, 2015, Mr. Goldsmith was advised by Sgt. Pasha that his job did not require boots.

Mr. Goldsmith claims, he was the only member of his work crew that did not have work boots and Food Services Director, Danny Riddle, refused to contact unit staff concerning his footwear. He alleges his state issued footwear (plastic and nylon mesh velcro shoes), the only shoes he had for work, began to rot from the water, grease, foods, and heavy detergent chemical exposure.

On May 13, 2015, the drains of the industrial dishwasher in the kitchen became clogged resulting in several inches of dirty chemical water on the tile floors. The floors became dangerously slick. This went on for several days. Ultimately, Mr. Goldsmith fell and was injured. (Amd. Cmplt., Doc. 7 at 6-13.)

## II. SCREENING

Mr. Goldsmith is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

As set forth in the Court's prior Order, the Eighth Amendment requires prison officials to ensure the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040-42 (9th Cir. 2005); *LeMaire v. Maass*, 12 F.3d 1444 (9th Cir. 1993). If they fail, they violate the Eighth Amendment but only if they were deliberately indifferent to the risk of harm in question, meaning they knew of the risk and but failed to take reasonable measures to ensure prisoner's safety. *Farmer*, 511 U.S. at 837; *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Hearns*, 413 F.3d 1036.

Allegations of serious safety hazards in occupational areas may be sufficient to violate the Eighth Amendment. *Hoptowit v. Spellman*, 753 F.2d 779 (9th Cir. 1985); *but see Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996) (single oven with broken door hinges did not violate contemporary standards of decency where plaintiff failed to plead additional condition exacerbating the inherent danger of the broken hinges). In order to state such a claim, Mr. Goldsmith must allege a sufficiently serious safety hazard, that each individual Defendant was aware of that hazard, and that each Defendant failed to take reasonable measures to ensure

his safety. At most, he has alleged negligence.

The law is clear that negligent conduct alone does not state a constitutional claim for relief under § 1983. *Daniels v. Williams*, 474 U.S. 327, 329-30 (1986). Indeed, courts have consistently held that slip and fall accidents do not give rise to a federal cause of action. *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (even if shackled inmate might fall on wet floor while showering, allegations of "slippery prison floors" do not state "even an arguable claim for cruel and unusual punishment") (*quoting Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989)); *see also Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (agreeing with district court that, as a matter of law, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations"); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (slippery condition arising from standing water in prison shower was not a condition posing a substantial risk of serious harm as required under the Eighth Amendment, even where inmate was on crutches and had warned prison employees that he was at heightened risk of falling since "slippery floors constitute a daily risk faced by members of the public at large"); *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995) (inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air-conditioning unit made the floor wet was "a garden-variety negligence claim" that

was not actionable under § 1983); *Noble v. Grimes*, 350 F. App'x 892, 893 (5th Cir.2009) (dismissing plaintiff's deliberate indifference claims against officers where plaintiff alleged that he slipped and fell in standing water in the shower and contended that officers knew of dangerous conditions and failed to take preventative measures, because at the most his allegations constituted negligence which is not actionable under § 1983); *Bell v. Ward*, 88 F. App'x 125, 126–27 (7th Cir. 2004) (dismissing as negligence § 1983 claim complaining about officers' failure to clean up known water in cell block which caused plaintiff to slip and fall); *Denz v. Clearfield Cty.*, 712 F.Supp. 65, 66 (W.D.Pa. 1989) (finding no Eighth Amendment claim based on slippery floor in prison cell, despite officials' alleged knowledge of hazard).

Even if, as Mr. Goldsmith alleges, Defendants were aware that his shoes were slippery combined with the wet floors in the kitchen, he has not demonstrated that his claim constitutes anything more than negligence-which is not actionable under § 1983. *See Martin v. City of N.Y.*, No. 11 Civ. 600(PKC)(RLE), 2012 WL 1392648, at *9 (S.D.N.Y. Apr. 20, 2012) (dismissing prisoner's deliberate indifference claim that the inadequate soles on his prison-issued shoes caused him to slip and fall on the wet floor because "bodily injuries sustained from a slip-and-fall on a wet floor simply do not rise to the level

5

of a constitutional violation"); *Wynn v. Ankoh*, No. 1:04 CV 37(WLS), 2006 WL 2583370, at *1–2 (M.D.Ga. Sept.6, 2006) (holding prisoner's allegations that the prison choice of floor cleaner and lack of adequate shoes caused his fall are nothing more than negligence which is not cognizable under § 1983).

Mr. Goldsmith's allegations, accepted as true, do not rise to the level of a constitution. They "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that [Mr. Goldsmith] is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)(*citing* Fed.R.Civ.P. 8(a)(2)).

## III. CONCLUSION

The Court has considered whether Mr. Goldsmith's Amended Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Mr. Goldsmith's allegations fail to state a plausible claim upon which relief may be granted.

Although Mr. Goldsmith need not set forth detailed factual allegations, the Court previously advised him that he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2009)). A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient. *Iqbal*, 556 U.S. at 678 (alteration in original, internal quotation marks omitted). Further, as the Supreme Court has made clear, if a "complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). The Court in its prior Order clearly explained the defects in Mr. Goldsmith's claims. Mr. Goldsmith was given an opportunity to provide additional factual allegations and he still failed to allege sufficient facts to give rise to an Eighth Amendment claim.

Given his attempt at amendment, it is now clear that Mr. Goldsmith is unable to cure the deficiencies of his federal civil rights claims by amendment and that granting him further leave to amend would be futile. The Court therefore recommends that the case be dismissed without further leave to amend and with prejudice for failure to state a claim. *See, e.g., Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (explaining that a "district court's discretion in denying amendment is particularly broad when it has previously given leave to amend"); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is

7

absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Goldsmith failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Goldsmith may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 26th day of January, 2018.

                    /s/ John Johnston
                    John Johnston
                    United States Magistrate Judge

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Goldsmith is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.